UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Park State Bank,                                      Civil No. 19-2438 (DWF/LIB)

            Plaintiff,

v.                                                    **MEMORANDUM OPINION AND ORDER**

Duluth Steel Fabricators, Inc.,
et al.,

            Defendants.

This matter is before the Court upon Defendant United States of America's (the ("United States")) motion for voluntary dismissal without prejudice of its lien enforcement Counterclaim and Crossclaim (Doc. No. 51 ("United States' Motion")), and Plaintiff Park State Bank's (the "Bank") motion for voluntary dismissal of Defendant United States under Fed. R. Civ. P. 41(a)(2) (Doc. No. 54 (the "Bank's Motion")). Both motions are unopposed. (*See* Doc. Nos. 64, 65.) For the reasons set forth below, the Court grants the motions.

        **A.**         **The United States' Motion**

The Bank initiated this suit to enforce its mortgages and personal property liens against certain real and personal property, respectively, which are owned by Defendant Duluth Steel Fabricators, Inc. ("DSF"). (*See* Doc. No. 1-1 ("Complaint").) The Bank named the United States as a defendant because the United States holds federal tax liens that encumber DSF's property. These tax liens are predicated upon DSF's unpaid federal employment and unemployment tax liabilities. Accordingly, the United States answered

the Bank's Complaint asserting an interest in the subject property, and also filed an *in rem* Counterclaim (against the Bank) and Crossclaim (against all other defendants to the Bank's Complaint), in which it sought to enforce its federal tax liens against the same property identified in the Complaint. (*See* Doc. No. 9 ("Answer and Crossclaim/Counterclaim" or "Crossclaim/Counterclaim") at 7-8; *see also* Doc. No. 22 (joint stipulation regarding priority of respective interests in real property and personal property belonging to DSF).)

On December 21, 2021, the United States and the Bank reached a settlement agreement regarding the enforcement of the federal tax liens against the real and personal property at issue.[1] (Doc. No. 50 ("Settlement").) As part of that Settlement, the Internal Revenue Service will discharge the real and personal properties from the federal tax liens that are the subject of the Bank's Complaint, rendering the United States' own lien enforcement claims in this case moot. The United States therefore asks the Court to enter an order dismissing, without prejudice, the United States' lien enforcement claims set forth in its Crossclaim/Counterclaim. (United States' Motion at 2.)

Because the Settlement renders the United States' lien enforcement claims underlying its Crossclaim/Counterclaim moot, the Court grants the United States' unopposed motion and dismisses those claims without prejudice.

---

[1] The parties filed a joint notice of settlement on January 24, 2022. (Doc. No. 50.)

**B.     The Bank's Motion**

In light of the Settlement, the Bank moves to dismiss the United States as a party defendant to this matter under Fed. R. Civ. P. 41(a)(2).[2] (Bank's Motion at 1-2.) Rule 41(a) of the Federal Rules of Civil Procedure authorizes a court to dismiss a plaintiff's action and a defendant's counterclaim upon request.[3] Fed. R. Civ. P. 41(a)(2), (c).

Because the Bank and the United States have settled all claims between them in this action and have concurrently moved to dismiss such claims against one another, and because such dismissals will not prejudice any of the remaining defendants, the Court grants the Bank's unopposed motion to dismiss the United States as a party defendant to the Bank's Complaint.

## CONCLUSION

Pursuant to the Bank's and the United States' Settlement agreement, and for the reasons set forth above, the Court grants the United States' unopposed motion for

---

[2]     Pursuant to the Settlement, the Bank and the United States also agreed to file concurrent motions to dismiss the United States as a party defendant and to dismiss the United States' Crossclaim/Counterclaim. (Settlement at 1.)

[3]     Although Rule 41(a)(2) refers to dismissal of "an action" and not individual parties or claims, courts within the Eighth Circuit have permitted such dismissals of less than the entire action when requested under Rule 41. *See Stamm v. County of Cheyenne, Nebraska*, 326 F.Supp.3d 832, 846 (D. Neb. 2018) (citing *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 n.9 (8th Cir. 2014) and *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977)); *see also Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, Civ. No. 17-5096 (WMW/BRT), 2021 WL 5964522, at *2-3, 2021 (D. Minn. Dec. 16, 2021). This Court also finds that dismissal under Rule 41(a)(2) is appropriate under the circumstances presented here.

voluntary dismissal without prejudice of its lien enforcement Counterclaim and Crossclaim, and the Bank's unopposed motion for voluntary dismissal of the United States as a party defendant to the Bank's Complaint.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant United States of America's motion for voluntary dismissal without prejudice for its lien enforcement Counterclaim and Crossclaim (Doc. No. [51]) is **GRANTED**.

   a. Defendant United States of America's lien enforcement Counterclaim against Plaintiff Park State Bank (Doc. No. [9]) is **DISMISSED WITHOUT PREJUDICE**; and

   b. Defendant United States of America's lien enforcement Crossclaim against all other defendants named in the Complaint (Doc. No. [9]) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Park State Bank's motion for voluntary dismissal of Defendant United States under Fed. R. Civ. P. 41(a)(2) (Doc. No. [54]) is **GRANTED**.

   a. Defendant United States of America is dismissed as a party defendant to this case.

Dated: March 17, 2022                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge

4